TURNER, RECEIVER, *v.* ILLINOIS STEEL COMPANY.

[No. 18,824.    Filed May 18, 1900.]

EVIDENCE.—*Weight.*—Where in an action on a note the defendant pleaded a set-off on account of rents claimed to be due under a lease, and the lease failed to show on its face any obligation against plaintiff, the action of the court in excluding the lease will not be disturbed on appeal, there being some evidence to support the finding that plaintiff was not the lessee.

From the Lake Circuit Court.    *Affirmed.*

*A. F. Knotts,* for appellant.

*W. D. Haynie* and *J. Kopelke,* for appellee.

BAKER, J.—In August, 1893, the East Chicago Iron and Steel Company executed notes, secured by mortgage of its plant at East Chicago, Indiana, which by indorsement became the property of appellee. In July, 1896, Turner was appointed receiver of the East Chicago Company. Appellee filed an intervening petition to enforce its claim upon the notes and mortgage. The receiver pleaded a set-

off on account of rents claimed to be due him from appellee under a lease of the East Chicago plant alleged to have been executed by the receiver as lessor to appellee as lessee. The court found for appellee on its claim, and against the receiver on his set-off.

The only question presented is the admissibility of a written lease offered in evidence by the receiver. In this lease, the receiver was lessor, and one "William H. McLean, as trustee," was lessee. The lease on its face is no evidence of an obligation against appellee. The receiver introduced parol evidence for the purpose of identifying appellee as the undisclosed principal; and, among other witnesses, examined McLean. The evidence is conflicting, but there is evidence, which manifestly was acted upon by the court, to justify the finding that appellee was not the lessee. Since that was the ultimate issue of fact to be determined by the court, as the trier, there is no available error in the action of the court in excluding the lease.

Judgment affirmed.